IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHEENA V. BERRY,

    Petitioner,

v.                                    Case No. 4:23cv121/LAC/MAL

WARDEN GABBY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Sheena V. Berry, a former inmate at the Federal Correctional Institution in Tallahassee, Florida, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 2. In her petition, filed while she was in a residential reentry facility, Berry challenges the failure of the Bureau of Prisons (BOP) to apply her First Step Act (FSA) credits (Grounds One and Two) and the BOP's abuse of discretion in not placing her into home confinement under the CARES Act (Ground Three). As relief, she seeks (1) an order directing the BOP to apply 365 days of FSA credit towards her sentence or her supervised release and (2) transfer to home confinement. *Id.* at 7. Since filing her petition, Berry has been released.

After careful consideration of the petition, memorandum and supporting exhibits (ECF Nos. 2, 4, 7, 8), the Government's response in opposition (ECF No.

15), and the relevant law, I recommend the § 2241 petition be denied. Berry's request for a transfer to home confinement was rendered moot by her release. She did not exhaust her administrative remedies as to her FSA claims, but even if she had, she is not entitled to the relief she seeks.

**I.     BACKGROUND**

In March of 2019, Berry was sentenced to a term of 42 months' imprisonment after pleading guilty to theft of Government funds and aggravated identity theft in the Middle District of Florida, Case No. 8:16cr509. ECF No 15-2. She was released from that sentence on September 10, 2021, via § 3631(e) release to serve a 36-month term of supervised release. ECF No. 15-2 at 4, ECF No. 15-3 at 3. On November 28, 2022, the district court determined Berry had violated her terms of supervised release and sentenced her to 4 months' imprisonment followed by a 24-month term of supervised release. ECF No. 15-1, ECF No. 15-3 at 3. Berry surrendered to begin serving this sentence on February 1, 2023. ECF No. 15-3 at 3.

Berry was housed at the Federal Correctional Institution in Tallahassee, Florida from February 1, 2023 until March 14, 2023, after which she was transferred to the Mothers and Infants Together (MINT) Program at a Residential Reentry Center (RRC) in Tallahassee, Florida. *See* ECF No. 15 at 3. Berry's full term release date was May 21, 2023. ECF No. 15-3 at 3. BOP records reflect she was released on

May 19, 2023. *See* https://www.bop.gov/inmateloc/; *see also* ECF No. 16. Berry remains on supervised release.

## II. DISCUSSION

In the instant petition, dated March 27, 2023, Berry seeks an order compelling the BOP to apply her FSA credits towards her sentence and towards her supervised release and transfer to home confinement. The latter issue has been rendered moot by Petitioner's release. As to the issue of FSA credits, the Warden contends in his response, which was filed before Berry's release, that her petition is subject to dismissal for failure to exhaust her administrative remedies. ECF No 15. Berry has presented nothing to rebut the Warden's evidence of non-exhaustion. However, I also find, even if Berry had exhausted her administrative remedies, there is no legal authority for affording her credit against her current term of supervised release.

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id*. Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden*, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on

a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly

complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 15-4 at ¶2. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 4. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection and an extension of time to correct the defect and resubmit the appeal. *Id.* (citing 28 C.F.R. § 542.17(b)).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must

be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Petitioner did not exhaust her administrative remedies before filing the instant petition.

### B. Petitioner has not exhausted her administrative remedies

Respondent has presented uncontroverted evidence, in the form of a declaration signed by BOP Paralegal Specialist Kevin Littlejohn, that Berry has not exhausted her administrative remedies. ECF No. 15-4.

Littlejohn states his review of the SENTRY database reflects 9 remedy submissions from Berry, although none were filed during her most recent incarceration. ECF No. 15-4, ¶ 7. Berry submitted an administrative remedy to the Southeast Regional Office on January 20, 2021, regarding FSA credits that was rejected because she had not first filed a BP-9 to the institution. *Id.* On February 17, 2021, she resubmitted a BP-10 regarding FSA credits. This remedy was also rejected because there was no evidence the BP-9 had been filed with and received by the Warden's office. *Id.* She filed no further remedies, including during her most recent incarceration. *Id.*

Thus, Berry did not properly complete all levels of the BOP's administrative remedy process and her petition should be dismissed for failure to exhaust.[1]

### C. Petitioner may not offset FSA credits against her supervised release

As noted above, Berry's initial sentence expired on September 10, 2021. This was before the BOP implemented the long-awaited risk and needs assessment system, to include the application of earned time credits, in January of 2022. *See* ECF No. 15 at 9. Berry was on supervised release until it was revoked on November 28, 2022, and in custody again from February 1, 2023 until May 19, 2023, when she was again placed on supervised release.

Under the First Step Act, earned-time credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C); see also 18

---

[1] To the extent Petitioner asserts that attempts at exhaustion would be futile, her suggestion is not well taken. Regardless of what district courts in other circuits may have held, this Court has noted "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph,* 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *Perez*, 2022 WL 2181090, at *2 (*citing McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)); *cf. Jaimes v. United States,* 168 F. App'x 356, 359 (11th Cir. 2006) (holding, in case where exhaustion was jurisdictional, that petitioner's case was properly dismissed because he did not show his case involved extraordinary circumstances and explain why administrative review would prove futile); *Higginbottom v. Carter*, 223 F. 3d 1259, 1261 (11th Cir. 2000) (holding, in the context of the PLRA "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative remedies would be futile").

U.S.C. § 3624(g). Earned-time credits are to be applied when the prisoner's credits are "equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Prerelease custody consists of either home confinement or placement at a residential reentry center. See 18 U.S.C. § 3624(g)(2)(A)-(B). Where a prisoner's sentence included a term of supervised release, the BOP could also "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [the earned] time credits …" 18 U.S.C. § 3624(g)(3).

Based on the plain text of 18 U.S.C. § 3624(g)(3), FSA credits cannot be used to shorten a term of supervised release. *See Harrison v. Federal Bureau of Prisons*, Case 22-14312, 2022 WL 17093441, at *1 (S.D. Fla. 2022). This interpretation is in accord with Supreme Court precedent holding that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000). The underlying rationale is "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* at 59; *see also Goldblatt v. Ortiz,* Case 20-19987, 2022 WL 1639007, at *2 (D. N.J. May 24, 2022) (applying *Johnson* to the § 2241 context and finding "the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time."); *Harrison,* 2022 WL 17093441; *Burkey v.*

*Marberry*, 556 F. 3d 142, 149 (3d Cir. 2009) (the *sentencing court* may use its discretion to modify the length of a defendant's term of supervised release under 18 U.S.C. § 3583(e) so long as "the reason for doing so is not to offset excess prison time." (citing *Johnson*) (emphasis added)); *cf. Dyer v. Fulgam*, Case 1:21cv299-CLC-CHS, 2022 WL 1598249 (E.D. Tenn. May 20, 2022) (reaching opposite conclusion) (*appeal pending*). It is error to consider time in prison as interchangeable with a period of supervised release. *Johnson*, 529 U.S. at 60.

There is simply no authority for granting the relief sought. Berry's prior sentence expired before the BOP implemented the application of FSA credits. Even if she had earned credits during her prior term of incarceration, they could not be used to shorten her current term of supervised release.

Accordingly, it is respectfully RECOMMENDED:

1. Berry's petition under 28 U.S.C. § 2241 (ECF No. 2) be DENIED.

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 15, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.